STATE OF NORTH CAROLINA v. CLIFTON RAY JONES

No. 7226SC83

(Filed 24 May 1972)

**Criminal Law § 155.5— failure to docket record in apt time**

    Appeal is dismissed for failure to docket the record on appeal within the extended time allowed by order of the trial court. Court of Appeals Rule 5.

APPEAL by defendant from *McLean, Judge,* 18 June 1971 Schedule A Criminal Session, MECKLENBURG Superior Court.

The bill of indictment against defendant charged him with (1) felonious breaking and entering and (2) larceny of merchandise valued at $2,470. Defendant pled not guilty, the jury found him guilty of both offenses and from judgments imposing prison sentences to run concurrently with other specified sentences, defendant appealed.

*Attorney General Robert Morgan by Walter E. Ricks III, Associate Attorney, for the State.*

*Thomas E. Cummings for defendant appellant.*

BRITT, Judge.

The judgments appealed from were entered on 18 June 1971 and the record on appeal was docketed in this court on 12 November 1971. Rule 5 of the Rules of Practice in the Court of Appeals of North Carolina requires that the record on appeal be docketed within 90 days after the date of the judgment, order, decree, or determination appealed from unless the trial tribunal, for good cause, extends the time not exceeding 60 days for docketing the record on appeal. An addendum to the record in this case discloses that the trial court entered an order on 13 September 1971 allowing defendant 20 days in addition to the original 90 days within which to docket his case on appeal. Thus, the appeal was docketed 36 days late and because thereof this court *ex mero motu* dismisses the appeal. *State v. Boyette,* 13 N.C. App. 252, 184 S.E. 2d 927 (1971); *State v. Bennett,* 13 N.C. App. 251, 185 S.E. 2d 7 (1971); *State v. Davis,* 12 N.C. App. 174, 182 S.E. 2d 662 (1971); *State v. Locklear,* 12 N.C. App. 36; 182 S.E. 2d 200 (1971).

Although we are dismissing the appeal, we have carefully considered the assignments of error brought forward and dis-

cussed in defendant's brief but find them to be without merit. Defendant received a fair trial, free from prejudicial error, and the sentences imposed were well within the limits prescribed by statute.

Appeal dismissed.

Judges CAMPBELL and GRAHAM concur.